Gwyneth Russell Jr. on behalf of the Plaintiff Appellant, Edith Dyer. Can you clear something up for me to begin with? I apologize, Your Honor. I would like you to clear something for me. Absolutely. Did your client file for bankruptcy? She did, Your Honor. And was there an agreement in exchange for a discharge to hand over the property? There was a claim of surrender in the bankruptcy, in her previous bankruptcy. The First Circuit has held with regards to surrender. Excuse me, could you just answer the question? I don't have an explanation. Yes, Your Honor. My question is, did your client agree to surrender the property in exchange for a discharge in bankruptcy? She agreed to surrender the property to the trustee. Yes, Your Honor. Okay. Thank you. Thank you, Your Honor. So what standing does she have now to complain? May I discuss the bankruptcy case, Your Honor, that I was going to cite to you? If that answers the question. Since you told us she agreed to surrender it to the trustee, that immediately raises, at least in my mind, what she has to do with this case concerning that property. Ingrid Coffin speaks about your bankruptcy criminal case, 249-BR-840, ad note 6. It cites to Ingrid Ware a Louisiana bankruptcy case which discusses the fact that a surrender is to the trustee. It is only a bankruptcy remedy that the trustee can pursue. It is for the debtor to work out an agreement while she's in bankruptcy. It is not a post-bankruptcy procedure. Once the estate is fully administered, which it was in that case, the trustee thereafter abandons the property and the creditor is free to seek a state remedy to exercise its rights in the collateral or the purported debt. The plaintiff would cite to her appendix also in pages 834 to 837 in which she discussed this in her opposition to the plaintiff's motion to dismiss. So you're saying she agreed to surrender it, but in fact, with the acquiescence of the trustee, she retained the property. She surrendered it within the bankruptcy, that's correct, Your Honor, but after the trustee administers the estate and did not take any action related to that, it is now outside of bankruptcy in which the creditor can pursue a state remedy for that issue. And that is per the finding of Ingrid Clafton citing to Ingrid Ware. Something I don't understand, maybe my lack of knowledge of Massachusetts law, but when you surrender property to the trustee, what does that do to the title to that property? I believe that's outside the bankruptcy jurisdiction as an Article I court. It was not an adversary proceeding. The case is escaping me, but there's a case from the First Circuit, I believe, that speaks to the fact that unless you bring an adversary proceeding, anything less than that, which they also brought in that matter, does not review the merits of the case. Again, there's no litigation as far as surrendering. This was just a bankruptcy procedure. There's no litigation filed. So all that's happened here then is your client surrenders the property physically, but not legally. I don't think she retained possession of the property. Well, you said the trustee took possession of the property. And according to her intention within the bankruptcy, she stated that within her intention in the bankruptcy, but she did not physically leave the property. She maintained living in the premises. Could you just follow through the next step? So that happened. Correct. Then has something happened that has gotten it back to her? Let me put it this way. At the moment she surrenders, let's say that's on Monday, nothing else has happened other than there's been a surrender, and now it's Tuesday. Correct. Would you have standing on Tuesday in a case like this? If it was in the bankruptcy procedure, no. Because of the Starbucks day and everything? Correct. And once that stay is lifted? Then the creditor can seek a state law remedy, which it has done. So if, in fact, the borrower had, quote, unquote, surrendered, the creditor would not have actually sought this remedy. They wouldn't have had to. So that's why the case law on point, the Henry Claflin case, speaks to that particular set of circumstances. Why wouldn't the creditor, if the creditor wanted to foreclose on the house, why wouldn't the creditor still need to do that, whether your client owned it anymore or not? Correct. And that's the second part of the argument. And, again, the plaintiff's claim here is regarding statutory interpretation. We didn't say that they didn't own the mortgage. We didn't say that they couldn't take the house. We said that they used the statutory remedy improperly. So we are challenging their use of the statutory remedy, which has changed as a result of the Eaton decision, which redefined the term mortgagee. And that particular part of the argument also involves the contractual language of the mortgage contract itself. Before we get there, I'm sorry. Yes, I apologize. I have to keep beating this dead horse because I'm not sure I understand the answer. Your client surrendered the property in return for which, as I understand it, she received a discharge in bankruptcy. On the note, yes. As a result of her surrendering the property. Correct. But in Massachusetts, a mortgage is titled to land. So in this particular case, and the Clafton case speaks to this, is the fact that that is a bankruptcy option for the debtor to try to work out some type of an arrangement for the trustee to take the property and pay off debts of the estate. But the trustee fully administered the estate, stating, I'm done here. And in that circumstance, the property is abandoned, which requires the creditor to pursue its state law of remedy, which it is attempting to do here. But why would she then have any standing to object to the manner in which the creditor pursued that state law of remedy? Her standing is based upon the title to land, Your Honor. Because in Massachusetts, a mortgage is a defeasible fee interest in title to land, which she retains under GLC 244, Section 18, independent of the note. In Massachusetts, the note, a mortgage, in fact, she surrendered the property. She surrendered the property in the bankruptcy. That's correct. It's a bankruptcy remedy. And if I'm following you saying that the only legal effect of the surrender is that she gave up the note? In essence, in this case, because the trustee did not take the property and use it to administer the estate. The trustee fully administered the estate, leaving the property alone, which requires these folks to So if she wanted to sell that property today, assuming that it was before they filed for the action against her, she had title of the property such that she could have sold it despite having surrendered it in the bankruptcy? Well, surely the creditor would argue that based upon this proceeding that she ultimately didn't have rights in the title, which is pretty much what we're arguing here. I mean, until that was settled, I don't believe she could do that. But ultimately, if in fact the trustee could not have sold the property. The trustee could have taken it in the estate to administer this. After the bankruptcy is over, it ended without the trustee having title to the property? That's correct. And so then there's just a dispute of whether she could probably continue to have that property, or whether it was the creditor who now had the right to it. Outside of bankruptcy, correct. And that's why they brought the action under statute to  The next person who gets the property would have title to it. Is that right? Was she able to do that? At currently no, due to the filed litigation. The determining factor would be whether or not she has retained... You know, I'm saying forget this litigation. I'm trying to figure out where things stood after the bankruptcy had ended. She would have a claim to title under the state law remedy, which is distinct from the bankruptcy. This is a statutory procedure which these folks brought. And I apologize for being obtuse. It's not as straightforward. You're saying she would have a claim to title because she had previously given a mortgage? I apologize, I missed that. You're saying she had a claim to title after the surrender and after the bankruptcy because she had previously given a mortgage? She retains her right of redemption under GLC 244-18. I'm just wondering, are you claiming she retained the title because she had given a mortgage? Correct. Even though she had surrendered the property in order to get off the note? Again, and I apologize for stating this again, but it's a bankruptcy remedy for the trustee. Yes, she did in an intention, a statement of intention within a bankruptcy court, that she surrendered, but it's not physically surrendering the property. Is she obligated under the note now? I would argue no. So she got rid of the note, but she kept the property, and she can live in it, and the bank can't foreclose on it? I didn't say, the plaintiff's not saying that. We're stating that they improperly used the statutory remedy to attempt to regain title. And again, statutory interpretation, which has been redefined by Eaton, and the contract at paragraph 18 of the mortgage contract. I know my time is up, so I don't know where I was getting there. Thank you. Thank you, Your Honor. Mr. Fialco, good morning. Good morning, Your Honor. May it please the Court, David Fialco on behalf of the defendants, Wells Fargo Bank and U.S. Bank National Association. As trustee, I'd like to start with the issue that the Court was asking about in its initial questioning regarding the impact of the bankruptcy case. When a debtor files a bankruptcy, in this case it was originally a 13, converted to a Chapter 7, a Chapter 7 being a situation where the debtor is seeking a full discharge of their debts. Most debts are simple, unsecured debts, and they get discharged in the bankruptcy in the ordinary sense. But the mortgage is a little bit different because there's a property and there's a mortgage and a note. So there's a note, which is the obligation to pay, and there's a mortgage, which is the security interest. So if the borrower were to just receive a discharge and she would have no obligation and nothing going forward, she would end up with a free house. That's why in the context of a bankruptcy case, the debtor has two options. She can either choose to surrender the property and take her discharge, or she can do what is called reaffirming the debt. Reaffirming the debt is saying just that, even though I'm getting this discharge, I'm reaffirming my obligation to make these payments. This debt is going to ride through the bankruptcy case. So that's the situation where she's not getting that free house. She either has to choose, I want this debt and the obligation that goes with it, or I want to be discharged. And that property, she's got to do something with, too. And in this instance, she surrendered it. And I think this Court can look to two decisions from the First Circuit with regard to what surrender actually means. Those cases are both cited in our brief on page 22. It is Inouye Canning and Inouye Pratt. And that talks about what surrender means. And it's not a literal surrender, meaning she files this document and hands the keys over to the mortgagee. What it is, is it's an intention to surrender. And she's saying, I'm going to allow you to do this because the property and the mortgage is all governed by state law. And the only way to transfer that title subject to the mortgage is to allow for a foreclosure. So what surrender means, and this is discussed in the cases cited in our brief, means I'm going to make this available to my creditor to proceed with these remedies to take it back. And what she's done by filing this case after taking her discharge and after surrendering the property is completely inconsistent with her intent and what the purpose of her surrender of the property was because she's doing the very thing. She said she wasn't going to do, essentially. She obtained a benefit. She succeeded in obtaining her discharge. And in exchange, she had to surrender her rights in the property. It would be completely against the whole intention if she were allowed to surrender and then come back and litigate title to the property. So what has to happen after the surrender is exactly what happened. The bank either needs to wait for the state to conclude or seek relief from the automatic stay and then prosecute or complete its foreclosure, not prosecute. Who has possession of the property, though? The borrower still retaining possession of the property subsequent to the filing of this case and the denial of an injunction motion to stop a foreclosure sale. There was a foreclosure sale and my understanding is that a third party purchased or bought it and so that person will need to go through the process of obtaining possession of it. So I think if I understand your opponent's answer to that, they would be, well, yes, we agreed we'd make it available for the creditor, but not for somebody who wasn't the creditor and not for somebody who hasn't shown that they've crossed all the T's and dotted all the I's in terms of putting themselves in a proper position to make use of the state foreclosure proceeding. That's the same creditor that was a party to her bankruptcy case that pursued it, that it was surrendered to. But yes, assuming that's the argument. Again, I still don't think they can say... Wait a minute. Just on the second part. I'm sorry. Judge Kaddas said that the opponent's answer has two components. One is, depends on who the creditor that's now seeking it is. Correct. The second is the means by which the creditor then seeks the property. Correct. And isn't this dispute over whether you use the proper means? I think the proper... In the sense of what he's saying about statutory remedies being used which depends on whether the... I think that... How to read Eaton, et cetera. If you get to that point, then the question is whether or not the foreclosure is done in compliance with the statutory... But I think it has. But yes, then you would get, I guess, to that question. But isn't what you're then saying that we're perfectly free, there's no standing issue, that's the issue for us to decide? Not withstanding the surrender. No, I'm saying judicial estoppel prevents this borrower from raising that challenge, that she gave up those rights to do that by succeeding in a bankruptcy case. How is that? Because she had a choice in the bankruptcy case. She can't have her cake and eat it too. But stick with this. She agreed to surrender it. And let's assume she agreed to send it to your client because it was the creditor. If your client then just showed up there the next afternoon and posted a notice, this is my house, would she not have any standing to contest that by saying, No, no, no, that's not the way the state foreclosure proceeding needs to work. You need to show you have the mortgage, you need to show you have the note. And you're saying she'd have no standing to object to those procedural infirmities. Right, but I don't think the infirmities that she's alleging are the procedural of whether or not notice was published and whether or not publication was... But with respect to ones like that, would she have standing? The question of title, whether a procedure was complied with would go to compliance because, yes, the legal title of the property needs to be transferred. What we're saying is she's not the person to raise it. Cutting to the chase, doesn't that mean we are going to need to look at the merits of whether he's actually raised something that indicates that the mortgage or assignment were void? If a subsequent purchaser who hadn't surrendered their rights in the property raised an issue with title, that would be an appropriate person to raise the issue of compliance with the foreclosure statute. But she, by surrendering the property, gave up those rights. Can you just point... And what's the authority that I look to that tells me that surrender has that consequence? We believe that comes out of the cases I cited, in Ray Canning, in Ray Pratt, as well as... In Ray Cormier, which is also cited 434 BR 222 out of the Bankruptcy Court in the District of Mass, 2010. Is that in your brief? Yes, all three of those cases are cited on page 22 of the brief. Okay, thank you. Thank you, Your Honor. That's the entirety of the issue of the bankruptcy estoppel. The remaining issues, to the extent that the court would actually get to them, this court, and actually members of this particular panel, have issued a number of decisions on the questions of whether or not the entity that assigned the mortgage, MERS, is a proper entity to make that assignment. There's a number of cases out of this court. You've got the Culhane case, the Butler case, which Your Honor authored, the Mills case, Sarah Woods. These are all First Circuit cases, all dealing with this issue, all finding that the entity that assigned the mortgage had authority to do so. There's nothing at all about the Eaton case that came out after those decisions that changes the outcome of those decisions. The Eaton case was not a challenge to MERS authority to assign mortgages. While there was an assignment from MERS in those cases, that was not the subject of the challenge, and the Supreme Judicial Court of Massachusetts did not indicate any scrutiny of that or question that decision in any way. In fact, subsequent to the Eaton case, there have been a number of cases at the appeals court in Massachusetts while not binding on this court, further upholding MERS' right to assign a mortgage. And so for those reasons, we think the challenge, based on the MERS assignment, is controlled by First Circuit precedent. Also controlled by First Circuit precedent is the argument regarding the pooling and servicing agreement in this case.  all cited in our brief. Butler, Woods, Henry, Sheedy, and Jepson, and frankly decisions from all around the country on that point. Unless the court has any additional questions, I'd rest on our brief. Thank you, Joe. Thank you, Aaron.